JUDGE BAER

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EXMAR SHIPPING N.V.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Fax: (212) 425-1900
James L. Ross (JR 6411)
Manuel A. Molina (MM 1017)

06 CV 12991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EXMAR SHIPPING N.V.,

        Plaintiff,

   -against-

POLAR SHIPPING S.A. and
POLAR SHIPPING CO., LTD.,

        Defendants.
------------------------------------------------------------x

06 CIV _____ ( )

**VERIFIED COMPLAINT**

Plaintiff EXMAR SHIPPING N.V. ("EXMAR"), through its attorneys FREEHILL HOGAN & MAHAR, LLP, as and for its Verified Complaint against Defendants POLAR SHIPPING S.A., and POLAR SHIPPING CO., LTD. INC. (hereinafter, collectively, "POLAR SHIPPING"), alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract by Defendants POLAR SHIPPING. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/271776.1

## THE PARTIES

2. At all times relevant hereto, Plaintiff EXMAR was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at De Gerlachekaai 20, 2000 Antwerp, Belgium.

3. At all times relevant hereto, Defendant POLAR SHIPPING S.A. was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a registered office at Samuel Lewis Avenue and 53rd Street, Panama City, Republic of Panama.

4. At all times relevant hereto Defendant POLAR SHIPPING CO., LTD.. was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at 8-55, Kokubu 1-chome, Imabari City, Ehime, Japan.

5. Upon information and belief, Defendants POLAR SHIPPING S.A. and Defendant POLAR SHIPPING CO., LTD. are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the other that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

6. Upon information and belief, Defendant POLAR SHIPPING CO., LTD. is the agent of Defendant s S.A. and is in the business of handling, sending and receiving the property of Defendant POLAR SHIPPING S.A.

## EXMAR'S CLAIM UNDER THE POLAR BELGICA AGREEMENT

7. On September 12, 2006, EXMAR, as purchaser, and Defendants POLAR SHIPPING, as sellers, entered into a Memorandum of Agreement for the sale-purchase of the existing vessel M/V POLAR BELGICA.

8. On the same date, EXMAR, as seller, and a third party Sigas (Singapore) Pte. Ltd. ("Sigas"), as buyer, entered into a Memorandum of Agreement for the sale-purchase of the existing vessel M/V POLAR BELGICA.

9. Both Memoranda of Agreement were back-to-back transactions and contained similar contract provisions.

10. Pursuant to both Memoranda of Agreement the vessel was required to be delivered without conditions or recommendations from Class Society Surveyors.

11. In addition, Plaintiff EXMAR and Defendants POLAR SHIPPING and third party Eitzen Gas, AS ("Eitzen"), an affiliate of Sigas, executed a Tripartite Termination Agreement on September 12, 2006, whereby Eitzen was required to pay to EXMAR the sum of $3,990,000 (the "Termination Fee") upon, *inter alia*, the acceptance of the M/V POLAR BELGICA by Sigas.

12. Upon delivery of the M/V POLAR BELGICA to Sigas, Class Surveyors inspected the vessel and found several deficiencies such that the vessel had conditions of class upon delivery.

13. The conditions of class found by the Sigas surveyors constituted an alleged breach of the Memorandum of Agreement between EXMAR and Sigas. As a result, Sigas/Eitzen deducted $275,000 from the Termination Fee Eitzen was required to pay to EXMAR.

14. The conditions of class found by the Sigas surveyors constituted an alleged breach of the Memorandum of Agreement between EXMAR and Defendants POLAR SHIPPING.

15. As a result of Defendants POLAR SHIPPING's breach of the Memorandum of Agreement, Plaintiff EXMAR has suffered damages in the amount of $275,000, for which Defendants are liable to Plaintiff.

16. The September 12, 2006 Memorandum of Agreement between EXMAR and POLAR SHIPPING calls for arbitration in London and application of English law. EXMAR specifically reserves its rights to arbitrate the substantive matter at issue.

## EXMAR'S CLAIM UNDER THE POLAR DISCOVERY AGREEMENT

17. On September 12, 2006, EXMAR, as purchaser, and Defendants POLAR SHIPPING, as sellers, entered into a Memorandum of Agreement for the sale-purchase of the existing vessel M/V POLAR DISCOVERY.

18. On the same date, EXMAR, as seller, and a third party Sigas (Singapore) Pte. Ltd. ("Sigas"), as buyer, entered into a Memorandum of Agreement for the sale-purchase of the existing vessel M/V POLAR DISCOVERY.

19. Both Memoranda of Agreement were back-to-back transactions and contained similar contract provisions.

20. Pursuant to both Memoranda of Agreement the vessel was required to be delivered without conditions or recommendations from Class Society Surveyors.

21. In addition, Plaintiff EXMAR and Defendants POLAR SHIPPING and third party Eitzen Gas, AS ("Eitzen"), an affiliate of Sigas, executed a Tripartite Termination Agreement on September 12, 2006, whereby Eitzen was required to pay to EXMAR the sum of $3,820,100

(the "Termination Fee") upon, *inter alia*, the acceptance of the M/V POLAR DISCOVERY by Sigas.

22. Upon delivery of the M/V POLAR DISCOVERY to Sigas, Class Surveyors inspected the vessel and found several deficiencies such that the vessel had conditions of class upon delivery.

23. The conditions of class found by the Sigas surveyors constituted an alleged breach of the Memorandum of Agreement between EXMAR and Sigas. As a result, Sigas/Eitzen have claimed a deduction in the sum of $430,000 from the Termination Fee Eitzen was required to pay to EXMAR.

24. The conditions of class found by the Sigas surveyors constituted an alleged breach of the Memorandum of Agreement between EXMAR and Defendants POLAR SHIPPING.

25. As a result of Defendants POLAR SHIPPING's breach of the Memorandum of Agreement, Defendants POLAR SHIPPING are liable to Plaintiff EXMAR in the amount of $430,000.

26. The September 12, 2006 Memorandum of Agreement between EXMAR and POLAR SHIPPING calls for arbitration in London and application of English law. EXMAR specifically reserves its rights to arbitrate the substantive matter at issue.

### EXMAR'S CLAIM UNDER THE POLAR ENDURANCE CHARTER PARTY

27. On or about April 20, 2004, EXMAR, in the capacity of charterer, and Defendants POLAR SHIPPING entered into a maritime contract of charter party on the Shelltime 4 form for the use and operation of the M/V POLAR ENDURANCE.

28. EXMAR charter the vessel to a third party. During a voyage between Pajanton and Antwerp, between June 16 and July 2, 2004, as a result of the problems with the vessel's PS

R22 compressor, the vessel was unable to cool the cargo effectively, which failure resulted in cargo damage.

29.  As a result of the cargo damage, the third party deducted charter hire which was owed and due to EXMAR in the sum of $179,528.45.

30.  The failure of the vessel's PS R22 compressor constituted a breach of the April 20, 2004 charter party.

31.  As a result of Defendants POLAR SHIPPING's breach of the charter party, Defendants POLAR SHIPPING are liable to Plaintiff EXMAR in the amount of $179,528.45.

32.  Although duly demanded, Defendants have refused to remit payment in the sum of $179,528.45.

33.  The April 20, 2004 charter party between EXMAR and POLAR SHIPPING calls for arbitration in London and application of English law. EXMAR specifically reserves its rights to arbitrate the substantive matter at issue.

## RULE B MARITIME ATTACHMENT

34.  This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendants POLAR SHIPPING which are subject to arbitration in London pursuant to English law in accordance with the terms of the aforementioned Memoranda of Agreement. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorneys' fees and costs in the arbitration as well as interest, all of which are recoverable under English law.

35.  Upon information and belief, and after investigation, neither Defendant POLAR SHIPPING S.A. nor Defendant POLAR SHIPPING CO., LTD. can be "found" within this District for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime

Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, hire, of, belonging to, due or for the benefit of Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names as may be held, received, or transferred in either of their own names or as may be held, received or transferred for the benefit of either entity, at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank, American Express Bank Ltd., Bank of America, N.A., BNP Paribas, Citibank N.A., Deutsche Bank Trust Company, HSBC and HSBC Bank USA N.A., JP Morgan Chase, Société Générale, Standard Chartered, The Bank of New York, Wachovia Bank, and/or other institutions or such other garnishees to be named.

36.   The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by EXMAR against Defendants includes:

   a.   $275,000 in respect of the POLAR BELGICA claim;

   b.   $430,000 in respect of the POLAR DISCOVERY claim;

   c.   $179,528.45 in respect of the POLAR ENDURANCE cargo claim;

   d.   Interest in the amount of $173,029.84 calculated on the sum of $884,528.45 at the rate of 6% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable in arbitration under English law;

  e. Estimated costs, including legal fees, of London arbitration, which are recoverable, in the amount of $100,000.00.

For a total claim amount sought to be attached of **$1,157,558.29**.

  WHEREFORE, PLAINTIFF prays:

  a. That process in due form of a law according to the practice of this Court issue against Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD., citing them to appear and answer the foregoing, failing which a default will be taken against them, jointly and severally, for the principal amount of the claim of $160,334.62 plus interest, costs and attorneys fees;

  b. That Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD. be compelled to respond in London arbitration;

  c. That if Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD. cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD., up to and including the claim of **$1,157,558.29** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, of, belonging to, due or being transferred from or for the benefit of Defendants POLAR SHIPPING S.A. and POLAR SHIPPING CO., LTD. (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in their own names or as may be

held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank, American Express Bank Ltd., Bank of America, N.A., BNP Paribas, Citibank N.A., Deutsche Bank Trust Company, HSBC and HSBC Bank USA N.A., JP Morgan Chase, Société Générale, Standard Chartered, The Bank of New York, Wachovia Bank, and/or other institutions or such other garnishees to be named;

d.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       November 7, 2006

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> EXMAR SHIPPING N.V.
>
> By: _____
>    James L. Ross (JR 6411)
>    Manuel A. Molina (MM 1017)
>    80 Pine Street
>    New York, NY 10005
>    Telephone: (212) 425-1900
>    Facsimile: (212) 425-1901

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

JAMES L. ROSS, being duly sworn, deposes and says as follows:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding the claims.

3. The reason this Verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
James L. Ross

Sworn to before me this
7 day November 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2006