FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EXMAR SHIPPING N.V.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Fax: (212) 425-1900
James L. Ross (JR 6411)
Manuel A. Molina (MM 1017)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EXMAR SHIPPING N.V.,

        Plaintiff,

-against-

POLAR SHIPPING S.A. and
POLAR SHIPPING CO., LTD.,

        Defendants.
------------------------------------------------------------x

06 CIV _12991_ (_BPeR_)

**MOLINA AFFIDAVIT
IN SUPPORT OF ORDER
APPOINTING PERSON
TO SERVE PROCESS
PURSUANT TO RULE 4(c)
AND SCOPE OF SERVICE**

State of New York  )
                         ) ss.:
County of New York  )

      MANUEL A. MOLINA, being duly sworn, deposes and says as follows:

      1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and an associate of the law firm of FREEHILL HOGAN & MAHAR, LLP, attorneys for Plaintiff in this action.

      2.    I am fully familiar with the matters set forth in this Affidavit, which is submitted in support of Plaintiffs' application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing myself, Don P. Murnane, Jr., Michael E. Unger, Lawrence J. Kahn, Robert Ridenour, Joan Sorrentino, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar, LLP, in addition to the

NYDOCS1/271810.1

United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B together with other supporting papers upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

3.  Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiffs against the Defendant.

4.  To the extent the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

5.  Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the Process to simply name other garnishees.

6.  In addition, and to avoid the need to repeatedly serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying orders, for any Process served on a garnishee to be deemed effective and

continuous throughout any given day on which Process is served up through the next business day, to authorize service by facsimile or email following an initial service of the Process by hand, and to deem such facsimile or email service as being accomplished within the District if it is transmitted from within the District.

_____
MANUEL A. MOLINA (MM 1017)

Sworn to before me this
7 day of November 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2006