BLANK ROME LLP
Attorneys for Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V.,<br><br>                Plaintiff,<br>v.<br><br>POLAR SHIPPING S.A., et al.,<br><br>                Defendants. | 06 CIV 12991(HB) |

**AFFIDAVIT IN SUPPORT OF MOTION UNDER RULE E(4)(f) OF THE SUPPLEMENTAL RULES FOR CREATION CERTAIN ADMIRALTY AND MARINE CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR AN EXPEDITED HEARING AND VACATUR OR REDUCTION OF PLAINTIFF'S MARITIME ATTACHMENT**

STATE OF NEW YORK   )
                              : ss.:
COUNTY OF NEW YORK )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the firm of BLANK ROME LLP, and lead counsel for defendants. I attest to the truth of the following facts based upon my review of documents provided to me by my clients and its legal representatives and the authenticity of the attached documents.

2. I attach as Ex. 1 Plaintiff's counsel by letter dated November 16, 2006.

3. I attach as Ex. 2 the proposed substitute security for $300,000 by way of the P&I Club letter of undertaking.

4. Exmar's counsel has advised me that he has received no instructions either to stipulate to release of the $300,000 in exchange for a standard Club LOU or agree to payment of the balance of attached funds into the Court's registry.

5. I attach as Ex. 3 a proposed form of order.

_____
Jeremy J.O. Harwood

Sworn to before me this
30th day of January, 2007

_____
Notary Public

RALPH D. MOSLEY JR.
Notary Public, State of New York
No. 52-4796827
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 6/30/07

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.ᶜ
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*ᶜ
MICHAEL E. UNGER*¹
WILLIAM J. PALLAS*
GINA M. VENEZIA*ᶜ
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*⁷
PAMELA L. SCHULTZ*⁷
DANIEL J. FITZGERALD*¹ᶜ
JILL A. TAFT
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
ᶜ ALSO ADMITTED IN WASHINGTON, D.C.
⁷ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

November 16, 2006

OUR REF: 527-06/JR

**Via Fascimile: 011 507 264 0181**

Polar Shipping S.A.
c/o Fabrega, Molino & Molino
Samuel Lewis Avenue, 53ʳᵈ Street
Panama, Republic of Panama

**Via Fascimile: 011 81 898474567**

Polar Shipping Co. Ltd.
8-55, Kokubu 1-chome
Imabari City, Ehime
Japan

    Re:  *EXMAR SHIPPING N.V. v. POLAR SHIPPING S.A. and POLAR SHIPPING CO. LTD. 06 CV 12991 (Judge Baer)*

Dear Sir/Madam:

    We represent the plaintiff in the captioned action which involves claims for various breaches of maritime contracts. In conjunction with this claim, we filed an action in the United States District for the Southern District of New York and obtained an attachment under Supplemental Rule B. The Order of Attachment was then served on a variety of New York banking institutions. We have now been advised that funds in the amount of $1,604,540.14 have been restrained at ABN-AMRO Bank N.V. in connection with the attachment. The purpose of this communication is to provide you with notice pursuant to the local rules of this seizure. Since we have restrained the full amount of the attachment, we have now asked the banks to discontinue any further restrain of your assets.

NYDOCS1/272398.1

EX 1

November 16, 2006
Page 2

      Please be advised that you have the right to contest the attachment should you wish to do so and the rules provide the method under which that can be accomplished. Alternatively, should you wish to discuss settlement of the claim or the posting of substitute security, we will be happy to discuss that with you. Finally, if you would like to review a copy of the pleadings that we filed in conjunction with this attachment, we would be happy to provide them to you or counsel designated by you. We look forward to hearing from you.

                              Very truly yours,
                              FREEHILL HOGAN & MAHAR, LLP

                              James L. Ross
                              Manuel A. Molina



Phone:   (212) 885-5149
Fax:     (917) 332-3720
Email:   JHarwood@BlankRome.com

February 1, 2007

Freehill Hogan & Mahar LLP
80 Pine Street
New York NY 10005-1759
Attn: James L. Ross Esquire

        Re:    EXMAR SHIPPING N.V. V. POLAR SHIPPING S.A., et al.
                 06 CIV 12991(HB)
                 Our Ref.: 686545-00001

Dear Sirs:

    In consideration of your releasing the sum of $300,000 and refraining from attaching, arresting or otherwise restraining any asset under the same ownership, associated ownership, control and/or management as Defendants, for this amount in connection with claims asserted in the action you have filed in the United States District Court for the District of New York, Civil Action No. 06-12991(SB), the undersigned Association hereby agrees:

(1)    In the event of a final decree or arbitral award (after appeal, if any) being entered in favor of Claimants against the Defendants, then the undersigned Association agrees to pay and satisfy up to and not exceeding the sum of Three Hundred Thousand Dollars ($300,000), or any lesser amount decreed by the court or settled between the parties without final decree being entered where the settlement has been made with prior approval of the Association;

(2)    Upon demand, to cause to be filed a bond in form and sufficiency of surety satisfactory to you or the Court in the above amount of $300,000 securing your claim in the aforementioned action up to the amount consistent with paragraph 1 above;

(3)    In the event the bond referred to in paragraph 2 above is filed, the undersigned shall have no further obligation under paragraph 2 above;

(4)    This letter is written and provided entirely without prejudice as to any rights or defenses which the defendants may have, none of which is to be regarded as waived;



February 1, 2007
Page 2

It is understood and agreed that the execution of this letter by Jeremy J.O. Harwood shall not be construed as binding upon him personally nor binding on the firm of Blank Rome LLP but is to be binding only upon The Steamship Underwriting Association (Bermuda) Ltd.

Very truly yours,

THE STEAMSHIP MUTUAL UNDERWRITING
ASSOCIATION (BERMUDA) LTD.

By: _____

    Jeremy J.O. Harwood

(As Attorney-in-Fact for the above limited purpose only as per authority received from The Steamship Mutual Underwriting Association (Bermuda) Ltd.)

BLANK ROME LLP
Attorneys for Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V., <br><br> Plaintiff, <br> v. <br><br> POLAR SHIPPING S.A., et al., <br><br> Defendants. | 06 CIV 12991(HB) <br><br> **ORDER** |

WHEREAS Plaintiff EXMAR SHIPPING N.V. filed an amended verified complaint on November 9, 2006 pursuant to which a process of maritime attachment and garnishment ("PMAG") was issued;

WHEREAS the PMAG was served by Plaintiff on garnishee banks AMN-AMRO Bank N.V. (the "Garnishee Bank") which has restrained electronic fund transfers in the sum of $1,604,540.14 belonging to Defendants;

WHEREAS Defendants sought a hearing under Supplemental Rule E(7) of the Supplemental Rules for Certain Admiralty or Maritime Claims And Asset Forfeiture Claims of the Federal Rules of Civil Procedure, seeking vacatur in part of the PMAG in consideration of substitute security;

-2-

WHEREAS the Court heard the parties on February 1, 2007 and has considered all matters herein;

IT IS HEREBY ORDERED:

1. Plaintiff shall, upon receipt of the executed letter of undertaking from The Steamship Mutual Underwriting Association (Bermuda) Ltd. in the sum of $300,000 in the terms stated in Defendant's counsel's affidavit, Ex. 2 direct the Garnishee Bank and the Garnishee Bank is so directed to release $300,000 with any interest earned thereon to Defendants' counsel;

2. The Garnishee Bank shall transfer the balance of $1,304,540.14, which has been restrained pursuant to the Process of Maritime Attachment and Garnishment served in the above captioned action, to the Clerk of the Court of the U.S. District Court for the Southern District of New York c/o the U.S. Treasury, ABA No. 021030004, Agency Location Code 4654, to be held in an interest bearing account until further order of the Court.

Dated: _____, 2007        SO ORDERED:

                                    _____
                                    U.S.D.J.

900200.00001/6516720v.1

BLANK ROME, LLP
Attorneys for Defendants
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Jeremy J.O. Harwood (JH-9012)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V., <br><br> Plaintiff, <br><br> v. <br><br> POLAR SHIPPING S.A., et al., <br><br> Defendants. | 06 CIV 12991(HB) |

### AFFIDAVIT OF SERVICE BY FEDEX

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

The undersigned being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age. That on January 31, 2007, she caused to be served a true copy of the following documents:

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN EXPEDITED HEARING ON AND IN SUPPORT OF ITS REQUEST TO REDUCE PLAINTIFF'S MARITIME ATTACHMENT IN EXCHANGE FOR SUBSTITUTE SECURITY AND OTHER RELIEF

686545.00001/6516885v.1

EMERGENCY MOTION UNDER RULE E(4)(f) OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND ASSET FORFEITURE CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR AN EXPEDITED HEARING, ORDER DIRECTING SUBSTITUTE SECURITY AND OTHER RELIEF

AFFIDAVIT IN SUPPORT OF MOTION UNDER RULE E(4)(f) OF THE SUPPLEMENTAL RULES FOR CREATION CERTAIN ADMIRALTY AND MARINE CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR AN EXPEDITED HEARING AND VACATUR OR REDUCTION OF PLAINTIFF'S MARITIME ATTACHMENT

by FedEx courier upon:

>James L. Ross, Esq.
>Freehill Hogan & Mahar LLP
>New York, NY  10005

_____
RENEE KINTZER

Sworn to before me this
31st day of January, 2007

_____
Notary Public

RALPH D. MOSLEY JR.
Notary Public, State of New York
No. 52-4796827
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 6/5/07

686545.00001/6516885v.1

2