BLANK ROME LLP
Attorneys for Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V., <br><br> Plaintiff, <br> v. <br><br> POLAR SHIPPING S.A., et al., <br><br> Defendants. | 06 CIV 12991(HB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN EXPEDITED HEARING ON AND IN SUPPORT OF ITS REQUEST TO REDUCE PLAINTIFF'S MARITIME ATTACHMENT IN EXCHANGE FOR SUBSTITUTE SECURITY AND OTHER RELIEF**

**PRELIMINARY STATEMENT**

Defendants POLAR SHIPPING S.A., et al., (collectively "Polar") respectfully submit this memorandum of law in support of its motion to reduce the amount of, this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment obtained by Plaintiff EXMAR SHIPPING N.V. ("Exmar") pursuant to amended verified complaint dated November 9, 2006.

## THE RELEVANT FACTS

The facts are fully stated and supported in the accompanying affidavit of Jeremy J.O. Harwood dated January 30, 2007 and the exhibits referred to herein.

1. Exmar's counsel, by letter dated November 16, 2006, advised that "the amount of $1,604,540.14 has been restrained at ABN-AMRO Bank N.V. in connection with the attachment" (the "Attached Amount"). Aff. Ex. 1.

2. As acknowledged in the Complaint, the disputes are governed by English law and are subject to London arbitration. Id. ¶ 41.

3. London solicitors for the parties attempted to reach agreement for substitute security and an English escrow the attached sum.

4. Exmar's New York counsel, despite the eminency of the status conference, has not received "instructions."

## DISCUSSION

## POINT I

## POLAR IS ENTITLED TO AN EXPEDITED HEARING

Admiralty Rule E(4)(f) permits a person claiming an interest in the attached property "a prompt hearing at which the plaintiff shall be required to show why the ... attachment should not be vacated or other relief granted consistent with these rules." F.R. Civ. P. Supp. R. E(4)(f).

As stated by Judge Rakoff in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 384 F.Supp. 2d 726, 729 (S.D.N.Y 2006), vacated on other grounds, 460 F.3d 434 (2d

Cir. 2006) "the ease with which a prima facie case for attachment can be made creates a real risk of abusive use of the maritime remedy."

The constitutional concerns for grant of a pre-judgment attachment of a defendant's assets, ex parte, are reflected in Local Rule E.1's requirement for a hearing within three court days, unless otherwise ordered".

## POINT II

### THE SHIPOWNER PLAINTIFF BEARS THE BURDEN OF JUSTIFYING THE CONTINUANCE OF THE ATTACHMENT

The defendant may challenge both the complaint and the security demanded at a Rule (E)(4)(f) hearing, Maersk, Inc. v. Neewra, Inc., No. 05 Civ. 4356 (RCC), 2006 WL 2168452, at *7 (S.D.N.Y. Aug. 1, 2006) (citing Aqua Stoli, 384 F. Supp. 2d at 728 (quoting Supplemental Rule E's Advisory Committee Notes)). Most significantly, the plaintiff has the burden of justifying the continuance of the attachment.

## POINT III

### EXMAR SHOULD BE REQUIRED TO ACCEPT A CLUB LETTER FOR THE INSURED PORTION OF THE CLAIM

Polar and its protection and indemnity association The Steamship Mutual Underwriting Association (Bermuda) Ltd. ("Steamship") have agreed that a portion of Exmar's claim, up to the sum of $300,000, is covered by marine indemnity insurance. Steamship, whose "members" or insureds have been represented by Exmar's counsel on numerous occasions, is fully familiar with the standard terms of a P&I Club letter of undertaking ("LOU"). Such an LOU has been offered here in standard wording. Aff. Ex.

-3-

2. The only difference is that as Exmar has fully secured its estimated claim for interest ($246,161.69) and legal fees and costs ($100,000) there is no need for the Steamship LOU to cover interest and legal fees and costs over $300,000, which are secured by the balance of the Attached Amount.

Exmar's counsel has no instructions from its client thus necessitating this motion to accept the Steamship LOU.

## POINT IV

### POLAR REQUESTS AND EXMAR CANNOT OBJECT TO THE BALANCE OF THE ATTACHED AMOUNT BEING PAID INTO THE COURT'S REGISTRY

The balance of the Attached Amount, after release of $300,000, is $1,304,540.14 (the "Balance"). The Balance remains Polar's property subject to the attachment. Polar seeks an order directing that the garnishee bank pay the balance into the Court's Registry, where it will earn interest.

Such relief is specifically contemplated by Supplemental Rule E(c) and (d), and is common practice in this Court. Exmar's New York counsel again has not obtained instructions to stipulate to this relief thus forcing this motion, albeit likely uncontested, on the eve of the conference date.

## CONCLUSION

Polar. respectfully requests that the Court at the scheduled hearing on February 1, 2007 grant the relief requested herein and grant such other and further relief as may be equitable.

Date: New York, New York
      January 30, 2007

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants*
*POLAR SHIPPING S.A., et al.*

900200.00001/6516716v.1

BLANK ROME, LLP
Attorneys for Defendants
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Jeremy J.O. Harwood (JH-9012)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V.,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>POLAR SHIPPING S.A., et al.,<br><br>　　　　　　　　　Defendants. | 06 CIV 12991(HB) |

### AFFIDAVIT OF SERVICE BY FEDEX

STATE OF NEW YORK　）
　　　　　　　　　　　： ss.:
COUNTY OF NEW YORK　）

　　　The undersigned being duly sworn, deposes and says:

　　　That deponent is not a party to the action, is over 18 years of age. That on January 31, 2007, she caused to be served a true copy of the following documents:

　　　MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN EXPEDITED HEARING ON AND IN SUPPORT OF ITS REQUEST TO REDUCE PLAINTIFF'S MARITIME ATTACHMENT IN EXCHANGE FOR SUBSTITUTE SECURITY AND OTHER RELIEF

EMERGENCY MOTION UNDER RULE E(4)(f) OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND ASSET FORFEITURE CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR AN EXPEDITED HEARING, ORDER DIRECTING SUBSTITUTE SECURITY AND OTHER RELIEF

AFFIDAVIT IN SUPPORT OF MOTION UNDER RULE E(4)(f) OF THE SUPPLEMENTAL RULES FOR CREATION CERTAIN ADMIRALTY AND MARINE CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR AN EXPEDITED HEARING AND VACATUR OR REDUCTION OF PLAINTIFF'S MARITIME ATTACHMENT

by FedEx courier upon:

>James L. Ross, Esq.
>Freehill Hogan & Mahar LLP
>New York, NY  10005

_____
RENEE KINTZER

Sworn to before me this
31st day of January, 2007

_____
Notary Public

RALPH D. MOSLEY JR.
Notary Public, State of New York
No. 52-4796827
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 6/5/07