BLANK ROME LLP
Attorneys for Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V., <br><br> Plaintiff, <br><br> v. <br><br> POLAR SHIPPING S.A., et al., <br><br> Defendants. | 06 CIV 12991(HB) |

**AFFIDAVIT IN SUPPORT OF MOTION UNDER RULE E OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS AND LOCAL ADMIRALTY RULE E.1 FOR VACATUR OR REDUCTION OF PLAINTIFF'S MARITIME ATTACHMENT AND, OR IN THE ALTERNATIVE, COUNTERSECURITY**

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1. I am a member of the firm of BLANK ROME LLP, and lead counsel for defendants. I attest to the truth of the following facts based upon my review of documents provided to me by my clients and its legal representatives and the authenticity of the attached documents.

2. I attach as Ex. 1 a letter of undertaking dated February 26, 2007.

_____
Jeremy J.O. Harwood

Sworn to before me this
25th day of February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

# EXHIBIT 1

02/26/2007   16:58    BLANK ROME LLP → 86545*00001#121242519014    NO.277   P002



Phone:   (212) 885-5149
Fax:     (917) 332-3720
Email:   JHarwood@BlankRome.com

February 26, 2007

Exmar Shipping N.V.
c/o Freehill Hogan & Mahar LLP
80 Pine Street
New York NY 10005-1759
Attn: James L. Ross, Esq.

          RE:  EXMAR SHIPPING N.V. v. POLAR SHIPPING S.A., et al.
               06 CV 12991 (HB)
               Our ref: 686545-00001

## LETTER OF UNDERTAKING

Dear Sirs:

    On or about November 16, 2006, Exmar Shipping N.V. ("EXMAR") attached $1,604,540.14 belonging to Defendants Polar Shipping S.A. and Polar Shipping Co. Ltd. (hereinafter, *individually and/or* collectively referred to as "POLAR") pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime Claims and Asset Forfeiture Claims. By Court Order dated February 1, 2007, the garnishee bank ABN Amro Bank N.V. was directed to transfer $1,304,540.14 of these funds into the Court Registry for the Southern District Court of New York. The parties in the captioned litigation now wish to release ~~the balance of $300,000~~ *$275,000* currently being held by the garnishee bank ABN-Amro Bank N.V. in exchange for this Letter of Undertaking (LOU) from The Steamship Mutual Underwriting Association (Bermuda) Ltd..

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

686545.00001/6523495v.1

Delaware • Florida • New Jersey • New York • Ohio • Pennsylvania • Washington, DC • Hong Kong

02/26/2007  16:58    BLANK ROME LLP → 86545*00001#121242519011#                    NO.277  P003



**BLANK ROME** LLP
COUNSELORS AT LAW

February 26, 2007
Page 2

It is agreed that this LOU will be accepted by EXMAR as security solely for the cargo claim identified below and that in consideration for this LOU, EXMAR will refrain from attaching, arresting or otherwise restraining any asset under the same ownership, associated ownership, control and/or management of POLAR in connection with said cargo claim identified as follows:

| | |
|---|---|
| Ship: | M.V. POLAR ENDURANCE |
| Cargo: | Ethylene |
| Incident: | Alleged cargo loss/damage arising from venting into the atmosphere of 222,464 mt ethylene during a voyage from Pajaritos, Mexico to Antwerp, Belgium. |
| Claims: | Indemnity and/or damages in respect of claims from cargo interests for loss/damage to the cargo arising out of or in connection with the above incident. |
| Amount: | $179,528.45 |

It is further agreed that:

1. In the event of a final decree or arbitral award (after appeal), if any, being entered in favor of EXMAR against POLAR, then the undersigned Association agrees to pay and satisfy up to and not exceeding the sum of $179,528.45 [~~$300,000 (three hundred thousand dollars)~~] in respect of the cargo claim identified plus [~~inclusive of~~] interest and costs as may be awarded thereon or any lesser amount decreed by the court or arbitrators or settled between the parties without final decree being entered[~~, where the settlement has been made with prior approval of the Association;~~]

2. Upon demand, to cause to be filed a bond in form and sufficiency of surety satisfactory to you or the Court in the above amount for $179,528.45 plus interest and costs [~~a total of $300,000~~] securing your claim in the aforementioned action up to the amount consistent with paragraph 1 above;

02/26/2007   16:58   BLANK ROME LLP → 86545*00001H12124251901#                NO.277   P004



February 26, 2007
Page 3

3. In the event the bond referred to in paragraph 2 above is filed, the undersigned shall have no further obligation under paragraph 2 above;

4. This letter is written and provided entirely without prejudice as to any rights or defenses which the defendants may have, none of which is to be regarded as waived;

5. It is further understood and agreed that this LOU is accepted by EXMAR without prejudice to EXMAR's right to maintain the attached funds being held in the Court Registry for the Southern District of New York as security for the remaining claims referred to in the Amended Complaint.

It is understood and agreed that the execution of this letter by Jeremy J. O. Harwood shall not be construed as binding upon him personally nor binding on the firm of Blank Rome LLP but is to be binding only upon The Steamship Mutual Underwriting Association (Bermuda) Ltd. ⓧ *(insert from below)*

Very truly yours,

THE STEAMSHIP MUTUAL UNDERWRITING
ASSOCIATION (BERMUDA) LTD.

BY: *[signature]* Jeremy J. O. Harwood

(As Attorney-in-Fact for the above limited purpose only as per authority received from The Steamship Mutual Underwriting Association (Bermuda) Ltd.)

ⓧ It is further agreed that this agreement shall be governed by English law and any dispute arising hereunder shall be submitted to the exclusive jurisdiction of the English Courts.