BLANK ROME LLP
Attorneys for Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXMAR SHIPPING N.V., <br><br> Plaintiff, <br><br> v. <br><br> POLAR SHIPPING S.A., *et al.*, <br><br> Defendants. | 06 CIV 12991(HB) |

**VERIFIED ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY AND MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants POLAR SHIPPING S.A., *et al.* ("Polar") answers the second amended verified Rule B complaint dated February 29, 2008 ("Complaint") of EXMAR SHIPPING N.V. ("Exmar" or "Plaintiff") and states as follows upon information and belief:

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Denies the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations in Paragraph 6 of the Complaint.

7. Admits the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Admits the allegations in Paragraph 16 of the Complaint.

17. Admits the allegations in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Admits the allegations in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Denies the allegations in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

26. Admits the allegations in Paragraph 26 of the Complaint.

27. Admits the allegations in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Denies the allegations in Paragraph 30 of the Complaint.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Admits the allegations in Paragraph 33 of the Complaint.

34. Admits the allegations in Paragraph 34 of the Complaint.

129071.00601/6628204v.1

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint except admits that any and all of Plaintiff's claims are governed by English law and subject to London arbitration.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendants which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

## SECOND

2.  The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD

3.  The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the arbitrations pursuant to the MOAs and/or Charters.

## FOURTH

4.  Plaintiff is not the real party interest and lacks standing to bring this claim.

## FIFTH

5.  The alleged claims are barred by applicable statutes of limitations.

## SIXTH

6.  The alleged claims are barred by operation of law.

## SEVENTH

7.  The alleged claims are barred by laches.

## EIGHTH

8.  Plaintiffs has failed to include or join indispensable parties to this action.

## NINTH

9.  If plaintiff suffered any loss or damage as alleged, which is denied, it was caused by or contributed to by an act or omission by the plaintiffs and/or other third-parties, and not by Defendants.

129071.00601/6628204v.1

## TENTH

10.   Plaintiff failed to properly mitigate its alleged damages.

## ELEVENTH

11.   Service of the Complaint was improper and insufficient.

### AS AND FOR A COUNTER-CLAIM UNDER SUPPLEMENTAL RULE E(7)

12.   Exmar, as charterer, entered into three charters with Polar Shipping as owner of the M/V POLAR BELGICA, M/V POLAR DISCOVERY and M/V POLAR ENDURANCE (the "Three Charters").

13.   Exmar alleges that its sub-charterer under the Three Charters has asserted "speed claims" in the sum of $373,850.

14.   Exmar has attached $373,850 in respect of the Speed Claims and has attached $179,528.45 in respect of a cargo claim said to have been brought by the Sub-Charter of the M/V POLAR ENDURANCE plus interest, and attorneys' fees and costs of up to $100,000 in this action.

15.   Polar has asserted in London arbitration against Exmar a counter-claim of $400,000 in respect of its own claims against Exmar under the Three Charters.

16.   In the event that the attachment of Polar's assets is upheld in respect of the aforesaid claims, Polar is entitled to counter-security under Supplemental Rule E(7) for its counter-claims, without prejudice to its right of London arbitration of those claims, calculated as follows:

129071.00601/6628204v.1

| | | |
|---|---|---|
| 1. | Principal Amount of Claim | $400,000 |
| 2. | Simple interest at 6% over 3 years | $ 72,000 |
| 3. | Attorneys' and arbitrators' fees and costs and defense costs | $100,000 |
| | TOTAL | $572,000 |

17. No security has been provided by Plaintiff in this or any other Court for the counter-claims.

18. Polar reserves its right to alter and/or amend its counter-claim to seek further and additional security from Plaintiff.

WHEREFORE Polar respectfully prays that an order be entered directing Plaintiff post countersecurity in a form acceptable to the Court in the sum of $572,000, or such other amount as the Court may determine pursuant to Supplemental Rule E(7) and provide such other relief, as may be fair and equitable.

Date:  New York, New York
       April 4, 2008

                              Respectfully submitted,

                              BLANK ROME LLP

                              By: _____
                                  Jeremy J.O. Harwood
                                  The Chrysler Building
                                  405 Lexington Avenue
                                  New York, New York 10174
                                  (212) 885-5000
                                      *Attorneys for Defendants*

129071.00601/6628204v.1

## VERIFICATION

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Defendant.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendants is that Defendants are foreign corporations, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendants.

_____
Jeremy J.O. Harwood

Sworn to before me this
4th day of April 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 15, 20__

8

129071.00601/6628204v.1